UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 07-50118-AWB |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SUPPRESS** |
| STEVE BUCHANAN, | ) ) | |
| Defendant. | ) | |

Defendant is charged in an indictment with manufacturing a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Before the Court is a motion to suppress evidence presented by Defendant. Docket 16. In that motion, Defendant requested a <u>Franks</u> hearing to contest the validity of the search warrant, and he also sought the suppression of statements made to law enforcement and evidence seized in a subsequent search. The motion was referred to the Honorable Veronica L. Duffy, United States Magistrate Judge for the District of South Dakota.

Following a hearing on the motion to suppress, Magistrate Judge Duffy submitted her report and recommendations, recommending that the motion be denied in part and granted in part. Docket 29. First, the magistrate judge found that Defendant had made an adequate showing to require a <u>Franks</u> hearing to contest the search warrant; however, the magistrate judge determined that the search warrant was supported by probable cause, and

therefore the evidence seized as a result of the search warrant is admissible as no Fourth Amendment violation occurred. Docket 29, page 31. The magistrate judge also determined that law enforcement had violated Defendant's Fifth Amendment rights by continuing to question him after he had requested an attorney; therefore statements made to police are inadmissible except for impeachment purposes pursuant to Edwards v. Arizona, 451 U.S. 477 (1981). Id. at 37. However, the magistrate judge recommended that the Court deny the motion to suppress physical evidence seized with Defendant's help after the Fifth Amendment violation, concluding that suppression of physical evidence is not a necessary remedy to such a constitutional violation. Id. at 48.

The Court has reviewed the magistrate judge's report and the evidence presented during the suppression hearing and is prepared to dispose of the motion.

## STANDARD OF REVIEW

This Court must make a de novo determination of the portions of the magistrate judge's proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1); United States v. Lothridge, 324 F.3d 599, 600 (8th Cir. 2003). The Court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); see also United States v. Trice, 864 F.2d 1421, 1424 (8th Cir. 1988). The Court has conducted such a de novo review of the magistrate judge's report and recommendation and has carefully reviewed the record, and the Court adopts

the report and recommendation of the magistrate judge as discussed below.

## DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1), Defendant filed objections to the magistrate judge's report on the Fourth Amendment question of the validity of the search warrant.  Docket 32.  Defendant claims that material omissions as well as a false statement made by Agent Tolsma in his search warrant affidavit rendered that search warrant invalid, as the affidavit with these deficiencies failed to allege probable cause to justify the issuance of the search warrant.

Regarding the alleged false statement, the magistrate judge found that Agent Tolsma did not make deliberate misrepresentation when he said that Defendant told the confidential informant (CI) that he was cleaning out his residence, meaning that Defendant was planning to remove the "equipment and chemicals" used in the manufacture of methamphetamine.  Docket 29, page 19.  During this phone call, Defendant told the CI that the police were probably listening in, and then he stated several times that he planned to clean up his house and said that the police would probably return soon with a search warrant.  Exhibit 126.  The Court agrees with the magistrate judge that Agent Tolsma was reasonable in concluding that the Defendant was referring to his plans to get rid of incriminating evidence before the police returned.  Just because Defendant did not specifically say that he was cleaning out "chemicals" or "equipment" does not mean that Agent Tolsma's conclusion that Defendant planned to dispose of contraband before the police could return was

unreasonable, much less an intentionally false statement meant to mislead the magistrate judge who issued the search warrant.  Therefore, the Court believes Agent Tolsma's inclusion of the cleaning house statement in the search warrant affidavit does not render the search warrant invalid, and indeed provides evidence of probable cause to issue the warrant.  After carefully reviewing the facts and the relevant law as it applies to this case, as well as Defendant's objection to the magistrate judge's report, this portion of the magistrate judge's report and recommendation is adopted.

     Defendant also objects the magistrate judge's findings with regard to omissions made by Agent Tolsma in the search warrant affidavit.  Specifically, the Defendant argues that Tolsma should have included the following information in his affidavit: 1) contradicting facts about the existence of a strong chemical odor at Defendant's home; 2) the lack of prior contact between the police and the anonymous source of information; 3) the lack of prior contact between the police and the CI; and 4) the statements made by law enforcement to the CI regarding possible favorable treatment she may receive because of her cooperation.  Docket 32, page 9.  The magistrate judge concluded that while this information would be "material and important to a determination of the reliability of the information given by the CI and [anonymous source of information] . . . the court cannot conclude that, had the information been included, probable cause would have been lacking."  Docket 29, pages 27-28.

4

After a careful review of the facts and the relevant law as it applies to this case, the Court adopts the magistrate judge's report and recommendation as to the validity of the search warrant. The Court believes that the search warrant sufficiently established the reliability of the CI even without the missing pieces of information, as the statements made by the CI were corroborated by the statements made by the SOI, were based on her own personal observations, and were against her own penal interests. Furthermore, the statements made by Defendant during the phone call with CI were very significant in finding the necessary probable cause to justify the search warrant. In the totality of the circumstances, even given the relevant facts omitted by Agent Tolsma, the Court believes that the search warrant affidavit contains sufficient probable cause to justify the issuance of the warrant. Accordingly, the Court adopts the magistrate judge's recommendation and holds that the items seized from the search warrant are admissible against the Defendant, as the search warrant was properly issued and valid.

As to the magistrate judge's recommendations regarding the alleged Fifth Amendment violation, neither party objected to the recommendations that Defendant's statements are inadmissible but that physical evidence seized subsequent to these statements is admissible against the Defendant. Therefore, after careful review of the magistrate judge's report on this second question, the Court adopts this portion of the report and recommendations.

## CONCLUSION

The Court adopts the magistrate judge's report and recommendations in their entirety and grants the motion to suppress with regard to the statements made by Defendant to law enforcement in violation of Edwards v. Arizona, 451 U.S. 477 (1981).  The Court denies the motion to suppress on the grounds of alleged invalidity of the search warrant, and denies Defendant's motion to suppress the physical evidence seized with Defendant's help after the Edwards violation occurred.

For the reasons stated above, it is hereby

ORDERED that Defendant's motion to suppress, Docket 16, is GRANTED IN PART and DENIED IN PART.

Dated June 5, 2008.

        BY THE COURT:

        /s/ Andrew W. Bogue
        ANDREW W. BOGUE
        SENIOR DISTRICT JUDGE