UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 07-50118-AWB |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| STEVE BUCHANAN, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant filed a motion seeking to suppress evidence gathered by the Government in the above-captioned case. Docket 16. On May 8, 2008, the magistrate judge issued a report and recommendations regarding Defendant's motion to suppress. Docket 29. On June 5, 2008, this Court adopted the report and recommendations of the magistrate judge over some objections by Defendant. Docket 35. On June 13, 2008, Defendant filed a motion for extension of time to respond to the report and recommendations, seeking to make additional objections to the magistrate judge's report. Docket 38. Defendant also filed these additional objections to the report and recommendations. Docket 39. The Government has informed the Court that it has no objection to such an extension of time or to the Court's consideration of these additional objections.

**BACKGROUND**

Defendant is charged in an indictment with manufacturing a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Defendant filed a motion requesting a <u>Franks</u> hearing to contest the validity of a search warrant and seeking the suppression of statements made to law enforcement and evidence seized in a subsequent search. Docket 16. The motion was referred to the Honorable

Veronica L. Duffy, United States Magistrate Judge for the District of South Dakota.

Following a hearing on the motion to suppress, Magistrate Judge Duffy submitted her report and recommendations, recommending that the motion be denied in part and granted in part. Docket 29. First, the magistrate judge found that Defendant had made an adequate showing to require a Franks hearing to contest the search warrant; however, the magistrate judge determined that the search warrant was supported by probable cause, and therefore the evidence seized as a result of the search warrant is admissible as no Fourth Amendment violation occurred. Docket 29, page 31. This part of the report and recommendations was adopted by this Court in its order on June 5, 2008. Docket 35. The magistrate judge also determined that law enforcement had violated Defendant's Fifth Amendment rights by continuing to question him after he had requested an attorney; therefore statements made to police are inadmissible except for impeachment purposes pursuant to Edwards v. Arizona, 451 U.S. 477, 101 S. Ct. 1880, 68 L. Ed. 2d 378 (1981). Docket 29, page 37. The Court also adopted this recommendation in its June 5, 2008 order. Docket 35, page 5. The magistrate judge went on to recommend that the Court deny the motion to suppress physical evidence seized with Defendant's help after the Fifth Amendment violation, concluding that suppression of physical evidence is not a necessary remedy to such a constitutional violation. Id. at 48. Defendant did not file any objections to this portion of the magistrate judge's report, and after a de novo review the Court adopted this recommendation in its entirety. Docket 35. It is this final finding to which Defendant now seeks to object – whether evidence seized in a search is admissible when it was seized with Defendant's help after an Edwards violation had occurred. See Docket 38, 39.

**DISCUSSION**

First, the Court notes that Defendant's failure to object within the ten- day time limit discussed in 28 U.S.C. § 636(b)(1) does not limit the Court's jurisdiction to consider objections after ten days have passed.  "The district judge is under no obligation to review the magistrate judge's report if such review has not been requested in a timely manner. However, the deadline for filing objections is not jurisdictional, and late-filed objections can be considered where the filing is not egregiously late and causes no prejudice to any adverse party."  32 Am. Jur. 2d Federal Courts § 145 (citing Hunger v. Leininger, 15 F.3d 664 (7th Cir. 1994)); see also Thomas v. Arn, 474 U.S. 140, 467, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985) (mentioning without addressing district court's decision to dismiss petition on the merits despite the failure of party to object to magistrate's report and recommendations).  Therefore, this Court has jurisdiction to consider Defendant's tardy objections to the magistrate judge's report and recommendations.  Furthermore, the Court chooses to exercise its jurisdiction at this time, as the Government has no objection and as the Court believes that it is appropriate and advantageous to resolve the suppression question completely prior to trial.

After careful review of the parties' arguments on this question, the magistrate judge's report and recommendation, and the caselaw cited by all, the Court adopts the magistrate judge's recommendation to permit into evidence the items seized pursuant to a valid search warrant but after the Edwards violation.  The Court conducted a a de novo review of the issue and is persuaded that the magistrate judge's conclusion is correct and that such evidence derived after a Fifth Amendment violation should not be excluded in situations such as the one before this Court.  See Krimmel v. Hopkins,

44 F.3d 704, 709 (8th Cir. 1995) (stating that there was no Fifth Amendment violation "when the State introduced the physical evidence and the testimony of Krimmel's friend and the meter reader" despite the fact that this evidence would not have been discovered but for the Edwards violation); see also United States v. Patane, 542 U.S. 630, 124 S. Ct. 2620, 159 L. Ed. 2d 667 (2004) (holding that failure to give Miranda warnings did not require the suppression of physical evidence derived from suspect's unwarned but voluntary statements, as Fifth Amendment is a trial right and cannot be violated by introduction of "nontestimonial evidence"); Michigan v. Tucker, 417 U.S. 433, 94 S. Ct. 2357, 41 L. Ed. 2d 182 (1974) (upholding admission of witness statements derived from Defendant's voluntary statements made without Miranda warnings); United States v. Villalba-Alvarado, 345 F.3d 1007 (8th Cir. 2003) (surveying the law in several circuits before holding that the exclusionary rule does not require suppression of physical evidence derived after Fifth Amendment violation from failure to read Miranda rights).

Additionally, the Court is unpersuaded by the arguments and authorities presented by the Defendant that it is the current law in the Eighth Circuit that such derivative evidence obtained after an Edwards violation is inadmissible because of the exclusionary rule. See United States v. Crews, 445 U.S. 463, 100 S. Ct. 1244, 63 L. Ed. 2d 537 (1980) (Fourth Amendment case); United States v. Namer, 835 F.2d 1084 (5th Cir. 1988) (which the Fifth Circuit limited to the Fourth Amendment context in United States v. Cannon,[1] 981 F.2d 785, 789 (5th Cir. 1993), stating "the derivative

---

[1] The Court notes that Defendant cited and quoted United States v. Cannon for its argument that the derivative evidence here must be excluded. Docket 39, page 2-3. However, the case does not stand for that proposition, and the Fifth Circuit in that opinion states explicitly that the exclusionary rule discussed in Wong Sun does not

evidence doctrine is not triggered by an Edwards violation"); United States v. Downing, 665 F.2d 404 (1st Cir. 1981); United States ex rel. Hudson v. Cannon, 529 F.2d 890 (7th Cir. 1976) (limited in its application by Winsett v. Washington, 130 F.3d 269, 279 (7th Cir. 1997), which stated that Hudson relied upon both Fifth and Sixth Amendment violations and stating that the law was not settled as to whether suppression of derivative evidence is required after a Miranda violation); Parker v. Estelle, 498 F.2d 625 (5th Cir. 1974) (involving derivative testimony from another witness, not physical evidence; also limited by Fifth Circuit in United States v. Cannon, 981 F.2d 785 (5th Cir. 1993)); United States v. Massey, 437 F.Supp. 843 (D.C. Fla. 1977). This Court does not believe that the rationales behind the exclusionary rule extend so far within the realm of Fifth Amendment violations to require the exclusion of all physical evidence seized after an Edwards violation, even if the facts are as the Defendant alleges.

    For the reasons stated above, the Court adopts the report and recommendations of the magistrate judge in their entirety. Accordingly, it is hereby

    ORDERED that Defendant's motion for extension of time to object to the magistrate judge's report and recommendation, Docket 38, is GRANTED.

    IT IS FURTHER ORDERED that the Court adopts the magistrate judge's report and recommendations, Docket 29. Defendant's motion to suppress, Docket 16, is hereby granted in part and denied in part, as set forth in this order and in the Court's earlier order, Docket 35.

---

apply to Edwards violations to require the exclusion of derivative evidence collected after an Edwards violation. Cannon, 981 F.2d at 789.

Dated July 7, 2008.

>BY THE COURT:
>
>/s/ Andrew W. Bogue
>ANDREW W. BOGUE
>SENIOR DISTRICT JUDGE