UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 07-50118-AWB |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| STEVE BUCHANAN, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant has filed a motion in limine in the above-captioned case. Docket 33. Defendant states that the information and items he seeks to exclude "are inadmissible because they are not relevant to the charge herein and their admission into evidence would cause unfair prejudice." Docket 34, page 3; see also Fed. R. Evid. 403. The Government has responded to the motion. Docket 46. For the reasons stated below, this motion is granted in part and denied in part.

**1.    Items seized from Defendant's residence**

Defendant seeks to exclude 24 items taken from Defendant's residence pursuant to a search warrant executed on February 14, 2006. Regarding most of the items[1], Defendant states that testing revealed no

---

[1] These items include a Tupperware container, screen, tubing, measuring cup, metal spoon, rubber gloves, sandwich bag, jeweler bag, matchbook, bag of used coffee filters, plastic tubing, cans of ether, lithium battery casing, bottles with salts, salt in bottle, red air tank, acetone container, and a hot plate. Docket 33, page 1-2.

illegal residue or illegal substance on these items.  Therefore, claims Defendant, these items are nothing more than common household utensils, appliances, or garbage, and their admission is not relevant to the criminal charges.  The Government replies that "[t]he capacity for the Court to determine relevance is, at best, limited until the context of trial."  Docket 46, page 1.  Further, "it is the cumulative presence of all the remainder [of objects] that render them relevant."  Id.

The Court agrees that, should the Government establish the relevance of these objects, they may be admissible and relevant to the charges at hand.  Therefore, the Court denies Defendant's motion in limine as it relates to these specific items.

Defendant also seeks to exclude a "cigarette box with marijuana seed" because it was not analyzed and is not relevant.  Docket 33, page 2.  The Court denies Defendant's motion to exclude this piece of evidence, as it believes that it may be admissible at trial should the Government establish the evidence's relevance to the case.

Defendant also argues that one Walmart receipt and two Dakota Mart receipts are inadmissible because "[t]here was nothing illegal identified on these receipts."  Docket 33. The Court denies Defendant's motion to exclude these receipts, as it believes that they are admissible at trial should the Government establish their relevance to the case.

Finally, Defendant seeks to exclude pieces of aluminum foil and a

razorblade on which residue was found that was allegedly methamphetamine, "but the testing by the Rapid City Police Department is unreliable." Docket 33, page 2. As with all of the evidence covered in this motion in limine, Defendant cites relevancy and prejudice as his grounds for seeking the exclusion of this evidence. Docket 34. The Court believes that such evidence is very relevant to the case at hand and that its danger of prejudice is vastly outweighed by its probative value, and thus this evidence is admissible under Fed. R. Evid. 401 and 403. Any question regarding the reliability of the testing procedures should be addressed at the Daubert hearing on this matter and at trial.

**2.    Defendant's state, tribal, federal or other criminal history**

Defendant also seeks to exclude any of his criminal history. Docket 33, page 2. The Government does not address this request in its memorandum in opposition. The Court believes that evidence of Defendant's criminal history may be admissible in accordance with the Federal Rules of Evidence, particularly Fed. R. Evid. 609, and that such information if used in accordance with those rules may not be overly prejudicial under Rule 403. Thus, the Court reserves ruling on this motion.

**3.    Defendant's mug shot, photos of Defendant in restraints, or photos of Defendant taken during execution of search warrant**

Defendant seeks to exclude from evidence any mug shot of Defendant, any photos taken of him in restraints, and any photos taken of him during

3

the execution of search warrant on February 14, 2006. Docket 33, page 3. The Government does not object to this request from Defendant. See Docket 46.

The Court does not believe that any such photos are relevant to the question of Defendant's guilt or innocence regarding the charges against him, and therefore such photos are inadmissible under Fed. R. Evid. 401. Further, the Court believes that the photos do not have any probative value and are also extremely prejudicial to Defendant, and thus must be excluded under Fed. R. Evid. 403. Therefore, Defendant's motion to exclude his mug shot, photos of him in restraints, and photos of him during the execution of the search warrant is granted, and these items are not admissible as evidence at trial.

**4.     Results of Defendant's urine tests**

Defendant also seeks to exclude any information related to two urine tests obtained from him on February 14, 2006, and March 29, 2007, where he allegedly tested positive for THC. Docket 33, page 3. The Government does not object to the exclusion of this evidence in its memorandum in opposition to Defendant's motion in limine. Docket 46. As the Court does not believe that such evidence would be relevant to the charges before Defendant, and as the Government has not demonstrated a valid purpose for introducing such evidence, Defendant's motion to exclude this evidence is granted.

For the reasons stated above, it is hereby

ORDERED that Defendant's motion, Docket 33, is GRANTED IN PART and DENIED IN PART, in accordance with the order above.

Dated: July 7, 2008.

BY THE COURT:

/s/ *Andrew W. Bogue*
ANDREW W. BOGUE
SENIOR DISTRICT JUDGE