UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 07-50118-AWB |
| Plaintiff, | ) | |
| | ) | **ORDER GRANTING IN PART** |
| vs. | ) | **AND DENYING IN PART** |
| | ) | **SECOND MOTION IN LIMINE** |
| STEVE BUCHANAN, | ) | |
| | ) | |
| Defendant. | ) | |

 Defendant has filed a motion in limine in the above-captioned case. Docket 48. He seeks an order from the Government prohibiting the Government from soliciting testimony regarding a conversation between Special Agent Lyle Tolsma and the Defendant on February 14, 2006. Specifically, Defendant seeks to exclude statements that he made to Tolsma that he uses marijuana, has grown it in the past, has had trouble with law enforcement in the past, and has had his house searched in the past, as well as Defendant's request that law enforcement obtain a warrant before searching his home. Docket 48, page 1. Defendant claims that this information is not relevant to the charged offenses and that its admission would be unfairly prejudicial against Defendant. Docket 49.

 The Government does not object to the exclusion of Defendant's statements regarding his reasons for requesting that Tolsma obtain a warrant before searching his home, specifically "any reference to the defendant's prior arrest on marijuana charges or the search that led up to that arrest." Docket 55, page 2. The Government does object to exclusion of the evidence that law enforcement asked Defendant if they would search his home and that Defendant refused to permit the

search, and it states that this evidence is admissible under the Federal Rules of Evidence.  Id.

As to the statements made by Defendant regarding his reasons for refusing to consent to a search, the Court agrees that these are overly prejudicial and not relevant to the charges before this jury.  Specifically, this covers his previous experience with a police search of his property for evidence of marijuana manufacturing as well as his current use of and prior experiences with marijuana, and the Court finds that this evidence is inadmissible.  As to Defendant's other statement that he would not consent to a police search of his property and his request that they obtain a warrant before searching, the Court believes that such evidence is free from the prejudicial effect of the statements excluded above.  Furthermore, this evidence appears to the Court to be both relevant and probative to the issues before the jury.  Accordingly, Defendant's motion to exclude such testimony is denied, and Agent Tolsma and/or another Government witness may testify regarding Defendant's denial of their request to search his home.
For the reasons stated above, it is hereby

ORDERED that Defendant's motion, Docket 48, is GRANTED IN PART and DENIED IN PART, in accordance with the order above.

Dated: July 8, 2008.

BY THE COURT:

/s/ *Andrew W. Bogue*
ANDREW W. BOGUE
SENIOR DISTRICT JUDGE